UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff, | )<br>)<br>) |
| v. | ) COURT NO.<br>)<br>) |
| STAR SERVICE CORPORATION<br>Defendant. | )<br>) |

## COMPLAINT

The United States of America, by its attorneys, Carmen M. Ortiz, United States Attorney for the District of Massachusetts, and Christopher R. Donato, Assistant United States Attorney, states as its complaint that:

1. Jurisdiction of this action is conferred on the Court by 28 U.S.C. § 1345.

2. Plaintiff is the United States of America, acting through the Department Of The Treasury, Financial Management Service (hereinafter "FMS") and on behalf of the U.S. Department of Labor, Occupational Safety and Health Administration (hereinafter "OSHA").

3. The defendant, Star Service Corporation (hereinafter "Star Service"), is a corporation whose Principal Office is located in East Boston, MA

4. On or about January 7, 2010, Star Service was issued a Citation and Notification of Penalty by OSHA pursuant to 29 U.S.C. § 651 et seq., and 29 C.F.R. § 1904 and 1926, for violations that occurred during inspection number 313794240 conducted by OSHA between September 9, 2009 and October 1, 2009. See Exhibit "A" attached hereto and incorporated herein.

5. The Citation and Notification of Penalty proposed a $33,750.00 assessment, and informed Star Service that it had 15 working days from the date of issuance to submit a written contest of assessment, or request an Informal Conference to discuss the matter.

6. On or about February 4, 2010 Star Service submitted a written contest letter. See Exhibit "B" attached hereto and incorporated herein.

7. On or about February 9, 2010 OSHA sent a response to Star Service stating that the 15 working day contest period had expired and the proposed $33,750.00 assessment was now a Final Order of the Department of Labor. See Exhibit "C" attached hereto and incorporated herein.

8. In addition the February 4, 2010 letter submitted by Star Service was forwarded to the Occupational Safety and Health Review Commission for review. On or about April 19, 2010 the Secretary of Labor filed an Opinion opposing Star Service's request for relief from the assessment, due to the contest period having expired. See Exhibit "D" attached hereto and incorporated herein

9. On or about October 19, 2010 OSHA sent a demand letter to Star Service requesting payment of the imposed assessment. Per OSHA records there was no response to this letter. See Exhibit "E" attached hereto and incorporated herein.

10. In or around March 2011 this debt was referred to FMS for collection by OSHA pursuant to the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701 et seq.

11. On or about March 5, 2011 FMS sent a demand letter to Star Service requesting payment. According to FMS there was no response to this letter. See Exhibit "F" attached hereto and incorporated herein.

12. Between April 2011 and December 2012 FMS referred the debt to two (2) private collection agencies under contract with FMS for further collection efforts.

13. According to FMS, In April 2012 the Defendant entered into a repayment plan where the debt balance would be paid in full in thirty-five (35) monthly installments of $1000.00 and a final payment of $10,012.80. According to FMS records four (4) monthly payments were made between April and September 2012, and the last voluntary payment was made on September 12, 2012.

14. According to records, Star Service still has an outstanding balance regarding this matter.

15. Star Service is indebted to the United States in the principal amount of $31,260.00 plus administrative charges in the amount of $10,634.85 for a total sum amount of $41,894.85.  See Exhibit "G" attached hereto and incorporated herein.

16. Star Service Corporation has failed to repay the aforesaid sum although demand has been duly made.

WHEREFORE, the United States demands judgment against Star Service Corporation in the principal amount of $31,260.00; plus administrative charges in the amount of $10,634.85. The United States further demands, pursuant to 28 U.S.C. § 1961, that interest on the judgment accrue at the legal rate until paid in full.

Respectfully submitted,

UNITED STATES OF AMERICA
By its attorneys

CARMEN M. ORTIZ
United States Attorney

By: *(signature)*
CHRISTOPHER R. DONATO
Assistant U.S. Attorney
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3303

DATE: September 12, 2014